IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV456

| | |
|---|---|
| ALICE FAYE CALDWELL, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>) | MEMORANDUM AND<br>O R D E R |

**THIS MATTER** is before the Court on the parties' cross motions for summary judgment. For the reasons stated herein, Defendant's motion for summary judgment is granted and Plaintiff's motion is denied.

## I. STANDARD OF REVIEW

In considering the decision of the Social Security Commissioner to deny disability insurance benefits, this Court does not conduct a *de novo* review. **Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).** The Social Security Act provides the reviewing court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and

were reached through application of the correct legal standard." ***Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996);** see **42 U.S.C. § 405(6) (2001)**. Substantial evidence is defined as that evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" ***Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))**. Substantial evidence "'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" ***Craig,* 76 F.2d at 589 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966))**. It is not the role of this Court "either to weigh the evidence or to substitute [its] judgment for that of the Secretary if that decision was supported by substantial evidence." ***Hunter v. Sullivan,* 993 F.2d 31, 34 (4th Cir. 1992) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990))**. The ultimate issue for this Court to decide "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." ***Craig,* 76 F.3d at 589.**

The parties have filed cross motions for summary judgment. Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law.

**Fed. R. Civ. P. 56(c).** A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. ***Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).**

Where the parties have cross-moved for summary judgment, the Court will consider each motion separately. Thus, in considering the Plaintiff's motion, Plaintiff as the moving party has an initial burden to show a lack of evidence to support Defendant's case. *Id.* **(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).** If this showing is made, the burden then shifts to the Defendant who must convince the Court that a triable issue does exist. *Id.* Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Defendant]." *Id.* A "mere scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* After consideration of the Plaintiff's motion, the same procedure is used to determine Defendant's motion for summary judgment.

In considering the facts of the case for purposes of these cross-motions, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. ***Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).**

## II. BACKGROUND

On August 23, 2003, Plaintiff filed an application for Supplemental Security Income, alleging she had been disabled since April 2,1995. **Transcript of Proceedings ("Tr."), filed November 26, 2008, at 68.** Plaintiff's application was denied initially and on reconsideration. ***Id*. at 54, 57.** Plaintiff requested and attended a hearing before an ALJ on May 2, 2006.[1] ***Id*. at 22.** The Plaintiff was represented at the hearing; a vocational expert also attended the hearing and testified. ***Id***.

The Plaintiff testified that she was born in 1964; did not complete high school, but obtained her GED; she last worked in 1994 or 1995 as a telemarketer; she also has work experience as a housekeeper and taking care of an elderly woman. ***Id*. at 27-28.** She testified that she has hepatitis C which causes her to be severely nauseated and without energy. ***Id*. at 29.** She also testified about suffering from severe leg pain, hypertension, severe headaches, and seizures. ***Id*. at 31-32.** Plaintiff also testified that she previously used cocaine but had not done so since 2001. ***Id*. at 37.**

---

[1] The hearing was conducted *via* video teleconference. **See Tr. at 24.**

G. Roy Sumpter also attended the hearing and testified as a vocational expert, and Plaintiff stipulated that he was so qualified.  *Id*. at **44-45.**  The vocational expert characterized Plaintiff's previous work experience as a telemarketer as sedentary and semi-skilled, the housekeeping job as light and unskilled, and the elder care as medium and semi-skilled.  *Id*. at 45.  The ALJ then posed a hypothetical question to the vocational expert:

> Assuming age, education, vocational background . . . assume the [Plaintiff] suffers from hepatitis C, hypertension, anxiety, panic disorder and depression.  Please further assume that as a result of these impairments she is limited to sedentary exertion as that term is defined in the context of regulations.  She is restricted to sedentary exertion.  She has abdominal pain, no energy, fatigue and has limitations as listed [by Dr. Anthony Carraway as a result of his April 28, 2004, consultative examination], but . . . assume that these are accurate statements that are referring to the [Plaintiff].  She displays no impairment of short-term memory and mild [ ] impairment of long-term [memory].  She has minimal impairments of attention and concentration with ability to understand and perform instructions would be somewhat mildly impaired.  I do not detect any interpersonal difficulty, but she may have some mild to moderate frustration tolerance issues secondary to her ongoing anxiety symptoms.  If that were the hypothetical, could this lady perform any work?

*Id*. at 46.  The vocational expert testified that the Plaintiff could perform her past job as a telemarketer; she could also perform the jobs of surveillance system monitor, and as a table worker; all of these jobs were available in

substantial numbers not only in North Carolina but in the national economy as well. *Id*. **at 47.** The ALJ then posed a second hypothetical that asked the vocational expert to assume all of same impairments contained in the first hypothetical and the additional impairments that the Plaintiff suffers from problems eating and nausea and abdominal pain; she has pseudoseizures one time a month, occasionally more frequently, and that it will take the Plaintiff over a day to recover from these episodes; that because of the fatigue and lack of energy and nausea, she must lie down at least for an hour each day, the ALJ asked the vocational expert if the Plaintiff would be able to work. *Id.* The vocational expert testified that the Plaintiff's need to rest an hour every day would make it "totally incompatible with the jobs that would be available to her [and] the lower energy, the fatigue, the pain I would think would significantly interfere with her ability to concentrate and stay on task." *Id*. **at 48.**

On September 13, 2006, the ALJ issued his decision that the Plaintiff was not disabled and, therefore, not entitled to Supplemental Security Income. *Id*. **at 12.** The Plaintiff requested review by the Appeals Council on September 26, 2006; the Appeals Council denied Plaintiff's request for review on January 30, 2007. *Id*. **at 8.** For some reason that is not

disclosed in the record, the Appeals Council set aside its earlier determination and permitted the Plaintiff to submit additional evidence. *Id.* **at 6-7.** On July 16, 2008, the Appeals Council again denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. *Id.* **at 3-4;** *see also* **20 C.F.R. § 404.955.** Plaintiff has exhausted any remaining administrative remedies and this matter is now ready for resolution under 42 U.S.C. § 405(g).

### III. DISCUSSION

The Court has reviewed the administrative record submitted herein and finds the ALJ's summary of the medical evidence and that of the Plaintiff's testimony at the hearing to be an accurate recitation of the evidence. *Id.* **at 15-19.** Therefore, the Court adopts the ALJ's summary and such is incorporated herein by reference.

Disability under the Social Security Act means the inability to engage in any substantial gainful activity due to physical or mental impairment expected to result in death or to last for a continuous period of not less

than twelve months.[2] In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. **20 C.F.R. § 416.920.** If the claimant's case fails at any of the first four steps, the ALJ does not go any further and benefits are denied. **Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).** The claimant "bears the burden of production and proof during the first four steps of the inquiry." **Id. (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).** If the claimant carries her burden through the fourth step, then "the burden shifts to the Secretary in the fifth step to show that other work is available in the national economy which the claimant could perform." **Hunter, 993 F.2d at 35.**

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. **Pass, 65 F.3d at 1203.** Second, the applicant must show a severe impairment. If the applicant does not show any impairment or combination thereof which significantly limits the

---

[2] Substantial gainful activity is defined as work that is both substantial and gainful. **20 C.F.R. § 404.1572.** Substantial work activity involves doing significant physical or mental activities. Work can be substantial even if done on a part-time basis. **Id. § 404.1572(a).** Gainful work activity is work activity that is done for pay or profit. **Id. § 404.1572(b).** If a claimant is found capable of engaging in substantial gainful activity then they will be found "not disabled." **Id. § 404.1571**.

physical or mental ability to perform work activities, then no severe impairment is shown and the applicant is not disabled. *Id.* Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the applicant is disabled regardless of age, education or work experience. *Id.* Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. *Id.* Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. *Id.* In this case, the ALJ made a determination at the fourth step that the claimant was not disabled because she was able to perform her past relevant work as a telemarketer and this job existed in significant numbers in the national economy. **Tr. at 18;** *see also* **20 C.F.R. § 920(e)-(g).**

In reviewing the record, the Court concludes the ALJ's determination of Plaintiff's residual functional capacity is supported by substantial

evidence. The ALJ considered, among other evidence of record, mental and physical residual functional capacity assessments completed by state agency consultants. Dr. Robert Gardner found that Plaintiff's physical impairments did not affect her ability to stand, walk, lift, carry, push or pull, or her ability to sit for prolonged periods of time. **Tr. at 212.** The mental residual functional capacity assessment completed by Clifford Charles, Ph.D., concluded Plaintiff had few mental limitations and was able to understand and complete routine work procedures; to complete detailed tasks or maintain concentration; that her social functioning was appropriate; and she was able to set realistic goals and make plans independently of others. *Id*. **at 235-37.**

In his findings, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability, suffered from hepatitis C, pseudoseizures, high blood pressure and a gastric disturbance, all of which were considered "severe" under the requirements of 20 C.F.R. § 416.920(c). He also found these medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. He then made his crucial finding that the Plaintiff's allegations regarding her limitations were not

totally credible, and that she was capable of performing past relevant work. He concluded she was not under a "disability" at any time through the date of the decision as defined under the Social Security Act, 20 C.F.R. § 920(f).  **Tr. at 19.**

Even though there was some evidence supporting Plaintiff's claim for disability, the ALJ applied the correct legal standards and his decision was supported by substantial evidence and must be affirmed.  ***Oldham v. Chater*, 107 F.3d 867 (table), 1997 WL 82636 (4th Cir. 1997);** ***Hays*, 907 F.2d at 1456;** ***Walls v. Barnhardt*, 296 F.3d 287, 290 (4th Cir. 2002) ("The ALJ's findings 'as to any fact, if supported by substantial evidence, shall be conclusive.'" (quoting 42 U.S.C. § 405(g)).**  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant . . . is disabled, the responsibility for that decision falls on [the Commissioner]." ***Craig*, 76 F.3d at 589.**

For the reasons set out above, the Court finds that the ALJ's decision was supported by substantial evidence and based upon application of the correct legal standard.  Accordingly, the decision of the Commissioner is affirmed and Defendant's motion for summary judgment is granted.

12

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for summary judgment is **GRANTED,** and Plaintiff's motion for summary judgment is **DENIED**.

A Judgment affirming the decision of the Commissioner is filed herewith.

Signed: August 21, 2009

Lacy H. Thornburg
United States District Judge